The Honorable Steve Ehlmann Senator, District 23 State Capitol Building, Room 421 Jefferson City, Missouri 65101
Dear Senator Ehlmann:
This opinion letter is in response to your question asking:
 Does Article VII, Section 13, Mo. Const. 1945 permit local County voters to increase the compensation of the Circuit Clerk during the term of elected office?
Along with your question, you present the following statement of facts:
 St. Charles County is in the Eleventh Judicial Circuit and currently has a Circuit Clerk paid by the State. The Circuit Clerk . . . was most recently elected on November 6, 1990, for a four year term ending December 31, 1994. The Clerk's salary, paid by the State, is $38,958.00 per year.
 On April 7, 1992, St. Charles County voters adopted a Charter. . . .
* * *
 The Charter further provides that "until December 31, 1994, the salary of the Circuit Clerk shall be the same salary being paid to the Recorder of Deeds on April 6, 1992." Section 4.305. The salary paid to the Recorder of Deeds on April 6, 1992 is $43,500.00 per year. This is $4,542.00 more per year. In essence, the Charter grants a raise to the Circuit Clerk during the middle of her elected term.[1]
Your question relates to Article VII, Section 13, of the Constitution of Missouri, which provides:
 Section 13. Limitation on increase of compensation and extension of terms of office. The compensation of state, county and municipal officers shall not be increased during the term of office; nor shall the term of any officer be extended.
In the statement of facts accompanying your question you explain that the office of circuit clerk is presently an elected position and that the circuit clerk elected November 6, 1990, is continuing in a four-year term ending December 31, 1994.
Section 483.083, RSMo Supp. 1992, provides in part:
 483.083. Circuit clerks, compensation. —
* * *
 4. . . . The compensation of all circuit clerks shall be paid by the state and they shall be considered state employees for all purposes except the manner of their selection, appointment or removal from office; except that, the circuit clerk of the city of St. Louis, the circuit clerk of St. Louis County and the court administrator of Jackson County shall continue to be paid by the city and those counties and shall not become state employees, but the city of St. Louis, St. Louis County and Jackson County shall each be paid an amount which is equivalent to a circuit clerk's salary as provided in subsection 3 of section 483.015.
* * *
In Missouri Attorney General Opinion No. 399, Brandom, 1969, a copy of which is enclosed, this office observed that a circuit clerk is an officer within the meaning of Article VII, Section 13. Id. at 2. In Opinion No. 399, this office concluded a statutory change resulting in an increase in compensation of particular officers would "become effective as to such officers upon the end of the present term of such officers." Id. at 3. See also Attorney General Opinion No. 327, Eiffert, 1974, a copy of which is enclosed.
The holding in these prior opinions is applicable here. Based on Article VII, Section 13, of the Constitution of Missouri, it is the opinion of this office that an increase in the compensation of the circuit clerk cannot be effective until the completion of the current term.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
Enclosure: Opinion No. 399, Brandom, 1969 Opinion No. 327, Eiffert, 1974
[1] We have not been provided a copy of the charter adopted in St. Charles County. We assume there are no additional provisions relevant to your inquiry.